IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01459-BNB

GREGORY A. BLUE,

    Plaintiff,

v.

FEDERAL POSTAL INSPECTOR SKAFETTIE,
FEDERAL POSTAL INSPECTOR JOHN DOE 2,
STATE OF COLORADO,
JOSEPH GALERA,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 1,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 2,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 3,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 4,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 5,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 6,
CITY OF COLORADO SPRINGS, COLORADO, and
COLORADO SPRINGS POLICE OFFICER D. MORK 1763,

    Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Gregory A. Blue is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Blue has filed *pro se* on December 27, 2007, an Amended Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. As relief he seeks damages, the return of seized property, an apology from the officers involved in the search and seizure, and a federal investigation of other cases for possible violations of state and federal law.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 07 2008

GREGORY C. LANGHAM
CLERK

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Blue is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous pursuant to § 1915A(b).

The Court must construe the amended complaint liberally because Mr. Blue is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate. *See id.*

Mr. Blue asserts five claims for relief. The first and fifth claims for relief arise out of an allegedly illegal search of Mr. Blue's residence on August 1, 2006[1], and the seizure of some of his personal property. Mr. Blue's second, third, and fourth claims

---

[1] Mr. Blue alleges in the amended complaint that the search occurred on August 1, 2007. However, based on other dates in the amended complaint as well as the documents attached to the amended complaint, it appears that the search in question occurred on August 1, 2006.

2

arise out of one or more state court criminal cases involving Mr. Blue. In his second claim, he alleges that he was subjected to double jeopardy and that his attorney, Defendant Joseph Galera, was ineffective. Mr. Blue also alleges in his third claim that Defendant Galera provided ineffective assistance of counsel. In his fourth claim, Mr. Blue asserts that he was subject to an excessive bond. Mr. Blue asserts that the criminal charges filed against him as a result of the allegedly illegal search and seizure on August 1, 2006, later were dismissed. Mr. Blue's current incarceration apparently stems from a conviction in another case.

Mr. Blue may not sue the State of Colorado in this action because the State of Colorado is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, the State of Colorado must be dismissed as a party to this action.

Mr. Blue also may not sue Defendant Galera in this action. As noted above, Defendant Galera is the attorney who represented Mr. Blue in one or more of his state

3

court criminal cases and Mr. Blue alleges that Defendant Galera was ineffective. However, defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). Therefore, the portion of Mr. Blue's second claim that is asserted against Defendant Galera as well as the third claim in the amended complaint are legally frivolous. Defendant Galera also will be dismissed as a party to this action.

The Court finally notes that Mr. Blue does not assert his fourth claim, the excessive bail claim, against any of the named Defendants in this action. Similarly, other than the ineffective assistance of counsel allegation, Mr. Blue's second claim also is not asserted against any of the named Defendants. Therefore, the Court also will dismiss the remainder of the second claim for relief and the fourth claim for relief.

The Court will not address at this time the merits of Mr. Blue's first and fifth claims for relief against the remaining Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the second, third, and fourth claims for relief in the amended complaint filed on December 27, 2007, are dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous. It is

FURTHER ORDERED that Defendants State of Colorado and Joseph Galera are dismissed as parties to this action. It is

4

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 7 day of February, 2008.

BY THE COURT:

*(signature)*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01459-BNB

Gregory A. Blue
Reg. No. 194079
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed and **ORDER** to the above-named individuals on 2/7/8

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk