IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07–cv–01459–WYD–KMT

GREGORY BLUE,

    Plaintiff,

v.

FEDERAL POSTAL INSPECTOR SKAFETTIE,
FEDERAL POSTAL INSPECTOR JOHN DOE 2,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 1,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 2,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 3,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 4,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 5,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 6,
CITY OF COLORADO SPRINGS, COLORADO, and
COLORADO SPRINGS POLICE OFFICER D. MORK 1763,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case is involves claims that Defendants violated his Fourth and Fourteenth Amendment rights. This matter is before the court on "Defendant City of Colorado Springs' Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted" (Doc. No. 38) filed March 17, 2008, and "Inspector Anthony Scaffidi's Motion to Dismiss" (Doc. No. 43) filed April 28, 2008. Jurisdiction is premised upon 28 U.S.C. § 1983 (2007) and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

**STATEMENT OF THE CASE**

The following facts are taken the Complaint and the parties' submissions with respect to this Recommendation. Plaintiff has named as Defendants Federal Postal Inspector Scaffidi[1]; the City of Colorado Springs, Colorado; and Colorado Springs Police Officer D. Mork 1763, along with various "John Does." (Am. Prisoner Compl. at 1–5 [hereinafter "Compl."] [filed December 27, 2007].) Two claims for relief remain.[2]

In Claim One, Plaintiff asserts that Defendants violated "Plaintiff's constitutional rights of protection from unreasonable search and seizure by breaking into the [p]laintiff's apartment . . . without a valid search warrant, proper probable cause or exigent circumstances. . . ." (*Id.* at 9.) Plaintiff alleges the officers arrested him and his wife, removed him from his apartment, and conducted a search of the apartment. (*Id.*) Plaintiff states after the search was conducted, Defendant Scaffidi asked the plaintiff and his wife to sign a consent to search form, and they refused to do so until Defendant Scaffidi threatened them that "he would take their son . . . and place him in the custody of the Department of Human Services and they would never get him back" if they didn't sign the consent form. (*Id.*) Plaintiff also alleges that Defendant Scaffidi "threatened the [p]laintiff with outragous [sic] bonds" and further abuse. (*Id.*) Plaintiff states, "fearing these things, [he] signed the consent." (*Id.*)

---

[1]Plaintiff misspells Defendant Inspector Scaffidi's name as "Skafettie." The court will refer to this defendant with the correct spelling of "Scaffidi."

[2]Senior District Judge Zita L. Weinshienk dismissed the remaining claims and defendants in her Order to Dismiss filed on February 8, 2008. (Doc. No. 26.)

In the claim titled "Claim Five," Plaintiff asserts he has been deprived of life, liberty, and property without due process of law and also has been denied equal protection of the law. (*Id.* at 12.) Plaintiff states his equal protection was denied because the law enforcement officers, whose duty is to enforce the laws equally to all citizens, broke into his home. (*Id.*) Plaintiff alleges he was "physically assaulted, kidnapped and he was administered treatment which fell far short of due process or being equally protected." (*Id.*)

Plaintiff seeks damages, the return of seized property, an apology from the defendants, and a federal investigation of other cases for possible violations of state and federal law. (*Id.* at 14.)

Defendant City of Colorado Springs asserts it should be dismissed as a defendant because (1) no cause of action against the City is alleged; and (2) to the extent a claim of *respondeat superior* is being alleged, it is not a legally cognizable claim upon which relief can be granted. (City's Mot. to Dismiss at 2–3.)

Defendant Scaffidi asserts the claims against him should be dismissed because (1) sovereign immunity bars any official capacity claims; (2) Plaintiff has failed to state a *Bivens* action; and (3) Defendants Scaffidi is entitled to qualified immunity. (Scaffidi's Mot. to Dismiss at 5–15.)

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on December 27, 2007. (Compl.) Defendant City of Colorado Springs filed its motion to dismiss on March 17, 2008. (Def. City of Colorado Springs' Mot. to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted

[hereinafter "City's Mot. to Dismiss"].) Defendant Scaffidi filed his motion to dismiss on April 28, 2008. (Inspector Anthony Scaffidi's Mot. to Dismiss [hereinafter "Scaffidi's Mot. to Dismiss"].) No responses or replies have been filed. These motions are ripe for review and recommendation.

## STANDARD OF REVIEW

1. **Pro Se** *Plaintiff*

Although Plaintiff now has counsel, at the time he filed his Complaint he was *pro se*. Therefore, the court reviews his Complaint liberally and holds it to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2. *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1) (2008). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

## 3. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1965 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

To state a claim, a plaintiff's complaint must "show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. 544, —, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff must allege enough factual matter, taken as true, to make his "claim to relief . . . plausible on its face." 550 U.S. 544, —, 127 S.Ct. 1955, 1974 (2007); *Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1129–30 (10th Cir. 2008). This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true. It is just to say that relief must follow from the facts alleged. *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). If a complaint explicitly alleges every fact necessary to win at trial, it has necessarily satisfied this requirement. *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008). The issue in reviewing the sufficiency of a plaintiff's

complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer*, 416 U.S. at 236.

## ANALYSIS

*1.      Defendant City of Colorado Springs' Motion to Dismiss*

Defendant City of Colorado Springs seeks to dismiss the claims against it for failure to state a claim upon which relief can be granted because (1) no cause of action against the City is alleged; and (2) to the extent a claim of *respondeat superior* is being alleged, it is not a legally cognizable claim upon which relief can be granted. (City's Mot. to Dismiss at 2–3.) In a review of Plaintiff's complaint, the only assertion made about the City of Colorado Springs is that it was the employment agency of the Colorado Springs Police Department and was acting under the authority of the State of Colorado. (Compl. at 4.) It appears Plaintiff is making a claim for municipal liability against the City of Colorado Springs.

Section 1983 rejects the tort principle of *respondeat superior* and does not subject municipalities to vicarious liability for the acts of their employees. *Milligan-Hitt v. Bd. of Trs. of Sheridan Co. Sch. Dist. No. 2*, 523 F.3d 1219, 1223 (10th Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–95 (1978). Instead, to establish municipal liability, a plaintiff must show (1) the existence of a municipal policy or custom depriving it of a constitutional or statutory right, and (2) a direct causal link between the policy or custom and the injury alleged. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). In this case, Plaintiff fails to allege that any policy by the City of Colorado Springs deprived him of a constitutional or statutory right. Furthermore, Plaintiff fails

7

to show a direct causal link between any policy and his alleged injury. Therefore, Plaintiff's claims against the City of Colorado Springs are properly dismissed for failure to state a claim upon which relief can be granted.

2.  *Defendant Scaffidi's Motion to Dismiss*

    A.  *Sovereign Immunity*

Defendant Scaffidi assert this court lacks jurisdiction over him in his official capacity based on sovereign immunity. (Scaffidi's Mot. to Dismiss at 5–7.) A *Bivens* claim for money damages may not be brought against a federal official in his official capacity because "any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States." *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) (citing *Farmer v. Perrill*, 275 F .3d 958, 963 (10th Cir. 2001). Moreover, a suit for damages against the United States is barred by sovereign immunity unless such immunity has been waived. *Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). The United States has not waived its sovereign immunity for constitutional violations, which are generally brought under *Bivens* actions. *Fed. Deposit Ins. Corp.*, 510 U.S. 471, 477-78 (1994). Therefore, to the extent that Plaintiff has alleged claims for money damages pursuant to *Bivens* against Defendant Scaffidi in his official capacity, such claims are barred by sovereign immunity and are properly dismissed.

    B.  *Personal Participation*

Defendant Scaffidi asserts Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted, as Plaintiff has failed to show that Defendant made an

unconstitutional entry into and search of Plaintiff's residence. (Scaffidi's Mot. to Dismiss at 7–11.) Defendant Scaffidi also argues that "the only evidence makes clear that Inspector Scaffidi was not involved in the entry to or search of Plaintiff's apartment." (*Id.* at 8.) Finally, referring to documents attached to the motion to dismiss, Defendant contends that "it is clear, at best, Plaintiff has mistakenly identified Scaffidi as the person who made the supposed threats. . . ."[3] (*Id.* at 9.)

The defendant has attached documents for the court's consideration in its motion for dismissal under Rule 12(b)(6). "A 12(b)(6) motion must be converted into a motion for summary judgment if 'matters outside the pleadings are presented to and not excluded by the court' and 'all parties . . . [are] given a reasonable opportunity to present all material made pertinent to such a motion by [Fed. R. Civ. P. ] 56.'" *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The court will not consider these documents in determining the motion to dismiss and, therefore, the motion will not be converted to one for summary judgment.

---

[3]Defendant argues that Plaintiff's claim is "nothing more than an attempt to void the express provision of the consent both he and his wife acknowledge was voluntarily given" in an "attempt to attack collaterally whatever charges may have resulted from the evidence acquired through the search is improper." (Scaffidi's Mot. to Dismiss at 9–10.) Defendant asserts Plaintiff's claim in this regard is precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994). The court does not construe Plaintiff's Claims One or Five as an attempt to collaterally attack his criminal conviction or the charges that resulted from the search. The allegations related to the charges brought against him and his conviction were contained in the claims previously dismissed by Senior Judge Zita L. Weinshienk on February 8, 2008. Therefore, the court will not address this argument.

The Tenth Circuit provides that "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Liability of a *Bivens* defendant can only be predicated on personal involvement or participation in the alleged constitutional acts. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1156 (10th Cir. 2001) (plaintiff must allege the affirmative link between the defendant's conduct and any constitutional violation in the complaint as well as prove it at trial); *Kite v. Kelley*, 546 F.2d 334, 336–38 (10th Cir. 1976) (plaintiff suing federal officials for constitutional violations under *Bivens* must show affirmative link between defendant's conduct and the alleged constitutional deprivation); .

As to Claim One, Plaintiff states thirty to forty minutes "[a]fter conducting [the] search," Defendant Scaffidi approached him to sign a consent. (Compl. at 9.) Plaintiff then alleges he did not want to sign the form but did so anyway because he was fearful of the threats Defendant Scaffidi allegedly made. (*Id.*) These statements, taken as true, are sufficient to satisfy the requirement of personal participation by a *Bivens* defendant. The court infers that Plaintiff thought Defendant Scaffidi was involved in the allegedly unreasonable search and seizure and the events that followed.

As to Claim Five, Plaintiff fails to allege any personal involvement by any of the defendants in the allegedly unconstitutional conduct. Plaintiff's allegations, even if taken as true, are conclusory statements. Plaintiff does not allege any specific facts which plausibly support a claim against Defendant Scaffidi or any other defendant for any constitutional violation. Plaintiff has not adequately alleged personal participation or shown an affirmative link between any of the defendants' actions and the alleged violations of his constitutional rights. Therefore, Plaintiff's Claim Five against all defendants in their individual capacities are properly dismissed.

### C. *Qualified Immunity*

Defendant Scaffidi asserts he is entitled to qualified immunity on all of the claims asserted against him in his individual capacity. (Scaffidi's Mot. to Dismiss at 11–15.) Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). When analyzing the issue of qualified immunity, the court must determine (1) whether the plaintiff has sufficiently alleged violation of a statutory or constitutional right; and (2) whether the right was clearly established at the time of the violation. *Pearson v. Callahan*, — S. Ct. —, 2009 WL 128768, at *8 (U.S. Jan. 21, 2009).

11

Courts are permitted to exercise their discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *Id.*, at *9.

Here, Plaintiff has made allegations regarding an unconstitutional search and seizure. These claims clearly are recognized under the Fourth Amendment. Whether or not Plaintiff's claim will be supported on summary judgment or at trial, his allegations sufficiently state a claim to withstand a Rule 12(b)(6) motion. Therefore, to the extent Defendant's motion is based on qualified immunity, it is properly denied as to Claim One. However, as the court finds that Plaintiff's Claim Five is properly dismissed, the court need not address whether Defendant Scaffidi is entitled to qualified immunity on that claim.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that

1. "Defendant City of Colorado Springs' Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted" (Doc. No. 38) be GRANTED, and that the claims against the City of Colorado be dismissed with prejudice; and

2. "Inspector Anthony Scaffidi's Motion to Dismiss" (Doc. No. 43) be GRANTED in part and DENIED in part as follows:

    a. To the extent Plaintiff has alleged claims for money damages pursuant to *Bivens* against Defendant Scaffidi in his official capacity, the claims are barred by sovereign immunity and are properly dismissed with prejudice;

    b. As to Plaintiff's Claim One, the motion to dismiss is properly DENIED;

c. As to Plaintiff's Claim Five, the motion to dismiss is properly GRANTED as to all defendants in their individual capacities; and

d. To the extent Defendant Scaffidi's moves for dismissal based on qualified immunity, the motion is properly DENIED as to Claim One.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of February, 2009.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge