IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01459-WYD-KMT

GREGORY A. BLUE,

    Plaintiff,

v.

FEDERAL POSTAL INSPECTOR SKAFETTIE,
FEDERAL POSTAL INSPECTOR JOHN DOE 2,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 1,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 2,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 3,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 4,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 5,
COLORADO SPRINGS POLICE OFFICER JOHN DOE 6,
CITY OF COLORADO SPRINGS, COLORADO, and
COLORADO SPRINGS POLICE OFFICER D. MORK 1763,

    Defendants.

**ORDER AFFIRMING AND ADOPTING UNITED STATES MAGISTRATE JUDGE RECOMMENDATION**

THIS MATTER is before the Court on Defendant City of Colorado Springs' Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted, filed March 17, 2008 (docket # 38) and Inspector Anthony Scaffidi's Motion to Dismiss, filed April 28, 2008 (docket #43). These motions were referred to Magistrate Judge Tafoya for a recommendation by Order of Reference dated February 13, 2008. A Recommendation of United States Magistrate Judge was issued on February 9, 2009, and is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

-1-

Magistrate Judge Tafoya recommends therein that Defendant City of Colorado Springs' Motion to Dismiss be granted. She further recommends that Defendant Scaffidi's Motion to Dismiss be granted in part and denied in part. Magistrate Judge Tafoya advised the parties that specific written objections were due within ten (10) days after being served with a copy of the Recommendation. Recommendation at 13-14. Despite this advisement, no objections were filed by any party to the Magistrate Judge's Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I agree with Magistrate Judge Tafoya that Plaintiff fails to allege that any policy by the City of Colorado Springs deprived him of a constituttional right. Futher, Plaintiff fails to show a direct causal link between any policy and his alleged injury. As such, I agree that Plaintiff's claims against the City of Colorado Springs are dismissed for failure to state a claim upon which relief can be granted.

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

I also agree with Magistrate Judge Tafoya that to the extent that Plaintiff has alleged claims for money damages pursuant to *Bivens* against Defendant Scaffidi in his official capacity, such claims are barred by sovereign immunity and are dismissed. I further agree that as to Claim One, it is proper to infer that Plaintiff thought Defendant Scaffidi was involved in the allegedly unreasonable search and seizure and the events that followed. As to Claim Five, I agree with Magistrate Judge Tafoya that Plaintiff has not adequately alleged person participation or shown an affirmative link between any of the defendant's action and the alleged violations of his constitutional rights. Therefore, I find that Plaintiff's Claim Five against all Defendants in their individual capacities are dismissed. Finally, I agree with Magistrate Judge Tafoya that to the extent that Defendant's motion is based on qualified immunity it is denied as to Claim One as Plaintiff has sufficiently stated a claim to withstand a Rule 12(b)(6) motion. Accordingly, it is hereby

ORDERED that the Recommendation of United States Magistrate Judge dated February 9, 2009, is **AFFIRMED and ADOPTED**. It is

FURTHER ORDERED that Defendant City of Colorado Springs' Motion for Failure to State a Claim upon Which Relief Can Be Granted (docket #38) is **GRANTED**. It is

FURTHER ORDERED that all claims against the City of Colorado Springs are **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that Inspector Anthony Scaffidi's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows: it is

FURTHER ORDERED that to the extent Plaintiff has alleged claims for money damages pursuant to *Bivens* against Defendant Scaffidi in his official capacity, the claims are barred by sovereign immunity and are **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that as to Plaintiff's Claim One, the motion to dismiss is **DENIED**. It is

FURTHER ORDERED that to Plaintiff's Claim Five, the motion is **GRANTED**. It is

FURTHER ORDERED that to the extent that Defendant Scaffidi moves for dismissal based on qualified immunity, the motion is **DENIED** as to Claim One.

Dated: March 25, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge