IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07–cv–01459–WYD–KMT

GREGORY BLUE,

    Plaintiff,

v.

FEDERAL POSTAL INSPECTOR SKAFETTIE, and
FEDERAL POSTAL INSPECTOR JOHN DOE 2,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case is involves claims that Defendants violated his Fourth and Fourteenth Amendment rights. This matter is before the court on "Inspector Anthony Scaffidi's Motion for Summary Judgment" (Doc. No. 86). Jurisdiction is premised upon 28 U.S.C. § 1983 (2007) and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

### STATEMENT OF THE CASE

The following facts are taken the Complaint and the parties' submissions with respect to this Recommendation. The remaining defendants in this action are Defendant Federal Postal

Inspector Scaffidi[1] and "Federal Postal Inspector John Doe." (Am. Prisoner Compl. at 1 [hereinafter "Compl."] [filed December 27, 2007].) Two claims for relief remain.[2]

In Claim One, Plaintiff asserts that Defendants violated "Plaintiff's constitutional rights of protection from unreasonable search and seizure by breaking into the [p]laintiff's apartment . . . without a valid search warrant, proper probable cause or exigent circumstances. . . ." (*Id.* at 9.) Plaintiff alleges the officers arrested him and his wife, removed him from his apartment, and conducted a search of the apartment. (*Id.*) Plaintiff states after the search was conducted, Defendant Scaffidi asked the plaintiff and his wife to sign a consent to search form, and they refused to do so until Defendant Scaffidi threatened them that "he would take their son . . . and place him in the custody of the Department of Human Services and they would never get him back" if they didn't sign the consent form. (*Id.*) Plaintiff also alleges that Defendant Scaffidi "threatened the [p]laintiff with outragous [sic] bonds" and further abuse. (*Id.*) Plaintiff states, "fearing these things, [he] signed the consent." (*Id.*)

In Claim Five, Plaintiff asserts he has been deprived of life, liberty, and property without due process of law and also has been denied equal protection of the law. (*Id.* at 12.) Plaintiff

---

[1]Plaintiff misspells Defendant Inspector Scaffidi's name as "Skafettie." The court will refer to this defendant with the correct spelling of "Scaffidi."

[2]Senior District Judge Zita L. Weinshienk dismissed claims two, three, and four and certain of the defendants in her Order to Dismiss filed on February 8, 2008. (Doc. No. 26.) Chief District Judge Wiley Y. Daniel dismissed Defendant City of Colorado Springs and some of the claims against Defendant Scaffidi in his Order Affirming and Adopting United States Magistrate Judge Recommendation on March 25, 2009. (Doc. No. 66.) Chief Judge Daniel also granted summary judgment in favor of Defendant Police Officer D. Mork on November 18, 2009. (Doc. No. 85.)

states his equal protection was denied because the law enforcement officers, whose duty is to enforce the laws equally to all citizens, broke into his home. (*Id.*) Plaintiff alleges he was "physically assaulted, kidnapped and he was administered treatment which fell far short of due process or being equally protected." (*Id.*)

Plaintiff seeks damages, the return of seized property, an apology from the defendants, and a federal investigation of other cases for possible violations of state and federal law. (*Id.* at 14.)

Defendant Scaffidi moves for summary judgment on the bases that (1) he was not personally involved in the entry and search of Plaintiff's apartment; (2) he did not coerce Plaintiff; (3) he is entitled to qualified immunity on the individual capacity claims; and (4) Plaintiff cannot prove a constitutional violation and, therefore, official capacity claims for injunctive and declaratory relief should be dismissed. (Mot. for Summ. J. [hereinafter "Mot."] [filed November 25, 2009].)

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on December 27, 2007. (Compl.) Defendant Scaffidi filed his motion for summary judgment on November 25, 2009. (Mot.) No response or reply has been filed. This motion is ripe for review and recommendation.

## STANDARD OF REVIEW

### 1.     Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### 2. *Summary Judgment Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

## ANALYSIS

### 1.   *Claim One Against Defendant Scaffidi in His Individual Capacity*

Defendant Scaffidi asserts Plaintiff's Claim One against Defendant Scaffidi in his individual capacity should be dismissed because Defendant Scaffidi was not personally involved in the entry or search of Plaintiff's apartment, and Defendant Scaffidi did not coerce Plaintiff into signing the form consenting to the search. (Mot. at 8.)

Liability of a *Bivens* defendant can only be predicated on personal involvement or participation in the alleged constitutional acts. *Stidham v. Peace Officer Standards and*

*Training*, 265 F.3d 1144, 1156 (10th Cir. 2001) (plaintiff must allege the affirmative link between the defendant's conduct and any constitutional violation in the complaint as well as prove it at trial); *Kite v. Kelley*, 546 F.2d 334, 336–38 (10th Cir. 1976) (plaintiff suing federal officials for constitutional violations under *Bivens* must show affirmative link between defendant's conduct and the alleged constitutional deprivation).

As to Claim One, Plaintiff states thirty to forty minutes "[a]fter conducting [the] search," Defendant Scaffidi approached him to sign a consent. (Compl. at 9.) Plaintiff then alleges he did not want to sign the form but did so anyway because he was fearful of the threats allegedly made by Defendant Scaffidi. (*Id.*)

The uncontested evidence shows that on August 1, 2006, Defendant Scaffidi was contacted by fellow Postal Inspector Kevin Korsick and was requested to provide assistance to the Colorado Springs Police Department ("CSPD") to execute arrest warrants for Plaintiff. (Mot., Ex. A-1, Decl. of Anthony Scaffidi ¶ 3 [hereinafter "Scaffidi Decl."]; Ex. A-2, Decl. of Kevin Korsick, ¶ 3 [hereinafter Korsick Decl."].) Defendant Scaffidi responded to Plaintiff's residence in Colorado Springs, was briefed by Inspector Korsick, and assumed an exterior position in the back of the apartment building, where he secured the exterior premises. (Scaffidi Decl., ¶ 4; Korsick Decl., ¶ 3.) After determining that Plaintiff was likely in the apartment, the CSPD officers entered Plaintiff's apartment to execute the arrest warrants and took Plaintiff into custody. (Doc. 75, Ex. A, Aff. of Daniel Mork, ¶¶ 27 and 28 [hereinafter "Mork Aff."].) During the time of the entry into Plaintiff's apartment, Defendant Scaffidi continued to maintain the exterior position in the back of the building. (Scaffidi Decl., ¶ 4; Korsick Decl. ¶ 3.)

The undisputed evidence shows it was CSPD Officer Mork who read and reviewed the U.S. Postal Inspection Service Consent to Search form—a form which was used because the CSPD officers did not have consent forms with them at the time—and Officer Mork who completed the handwritten portions and obtained the signatures of the plaintiff and his wife. (Scaffidi Decl., ¶ 5, Ex. 1 and Ex. 2 at 4; Korsick Decl., ¶ 5.)  The Consent to Search Form signed by the plaintiff, his wife, Officer Mork, and Inspector Korsick, reads as follows:

> I, Gregory Blue [month and day of birth redacted] 61, Pollea Anne Blue [month and day of birth redacted] 66, have been informed of and understand my constitutional rights not to have a search made of 1800 St Elmo Ct #303 without the requirement of a search warrant. I have also been informed of, and understand, my right to refuse to consent to the search. However, I hereby authorize U.S. Postal Inspector(s) Korsick, Scafidi, CSPD Officers to conduct a complete search of 1808 St Elmo Ct #303 residence . . . .
> The U.S. Postal Inspector(s) is/are authorized by me to take from the above described property any letters, papers, materials, or other property, which is contraband or evidence and specifically computers, forgery-related materials, mail.
> I understand that this contraband or evidence may be used against me in court of law or and administrative proceeding.
> I understand my right to withdraw my consent at any time.
> This written permission is being given by me to the above named persons freely and voluntarily without threats, promises, or coercion of any kind to have me consent to the search and/or sign this form. I realize that I may ask for and receive a receipt for all things taken.

(Scaffidi Decl., Ex. 1.)

Defendant Scaffidi is not otherwise identified on the Consent Form, and Defendant Scaffidi did not sign as a witness to the plaintiff's execution of that form.  (*Id.* ¶ 5 and Ex. 2; Korsick Decl., ¶ 5.)  In the uncontested declaration of Defendant Scaffidi, the defendant States the form does not contain his handwriting.  (Scaffidi Decl., ¶ 5.)  In fact, a review of the consent

form shows that Defendant Scaffidi's handwritten name is misspelled as "Scafidi." (Scaffidi Decl., Ex. 1.) Finally, Defendant Scaffidi argues that the individual who Plaintiff described as Defendant Scaffidi in his deposition does not match Defendant Scaffidi's appearance and characteristics in several ways. (Scaffidi Decl., ¶ 6.) Most notably, Plaintiff claims that the individual he has identified as Defendant Scaffidi had short brown hair; however, Defendant Scaffidi is essentially bald, keeps any hair he has completely shaved, and did so at the time of the incident at issue. (*Id.* ¶ 6.a; Korsick Decl., ¶ 7.)

Plaintiff has not alleged sufficient facts to satisfy his burden of proof for a *Bivens* claim brought against a federal official in his individual capacity. The uncontested evidence, outside of only Plaintiff's assertion that the person who asked Plaintiff to sign the consent form was Defendant Scaffidi, establishes conclusively that Plaintiff has misidentified the person referenced in Plaintiff's Claim One. At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake County*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312. Here, the evidence shows that Defendant Scaffidi was not involved in Plaintiff's execution of the Consent to Search. (Scaffidi Decl., ¶¶ 4–5; Korsick Decl. ¶¶ 4–5.) Plaintiff's version of events is "so utterly discredited by the record that no reasonable jury could [believe] him." *Scott*, 550 U.S. at 381. As such, Plaintiff has failed to demonstrate that Defendant Scaffidi was directly, personally

involved in the alleged constitutional violation, and summary judgment is properly granted in favor of Defendant Scaffidi as to Plaintiff's Claim One.

### *2.     Qualified Immunity*

Defendant Scaffidi argues that he is entitled to qualified immunity on Plaintiff's individual capacity claim against him. The doctrine of qualified immunity shields government officials from individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 121 (2001).

Because of the underlying purposes of qualified immunity, courts address qualified immunity questions differently from other summary judgment decisions. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, who must meet a "heavy two-part burden." *Id.* Plaintiff first must establish that the facts, taken in the light most favorable to Plaintiff, show that the officer's conduct violated a constitutional right. *Saucier*, 533 U.S. at 201. If Plaintiff establishes a violation of a constitutional or statutory right, "the next, sequential step is to ask whether the right was clearly established." *Id.* This determination must be made "in light of the specific context of the case, not as a broad general proposition." *Id.* "[T]he relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. If the plaintiff fails to satisfy either part of this "heavy

two-part burden," the court must grant the defendant qualified immunity and dismiss the deficient claims.

In a recent opinion, the United States Supreme Court altered somewhat the analytical process that may be used when a defendant claims the protection of qualified immunity. *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808 (2009). In *Pearson*, the Supreme Court held that the sequential two step analysis mandated in *Saucier* should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. *Pearson*, ___ U.S. ___, 129 S. Ct. at 818. The Supreme Court noted, however, that the sequence set forth in *Saucier* often is the appropriate analytical sequence. *Id.*

This court already has determined Plaintiff has failed to meet the first burden of overcoming Defendant Scaffidi's qualified immunity assertion because he has failed to establish a cognizable constitutional violation. As such, the court sees no need to proceed to the second prong of qualified immunity. Defendant Scaffidi is entitled to qualified immunity from Plaintiff's individual capacity claim against him.

### 2.     *Claim 5 Against Defendant Scaffidi in his Official Capacity*

In Claim 5 of the Complaint, Plaintiff alleges he was deprived of life, liberty and property without due process of law, and that he was denied equal protection of the law because his home was broken into by members of the law enforcement community. (Compl. at 12.) Plaintiff

alleges he was "physically assaulted, kidnapped and he was administered treatment which fell far short of due process or being equally protected." (*Id.*)

In its Recommendation that Defendant Scaffidi's Motion to Dismiss be granted in part, this court found Plaintiff had not adequately alleged personal participation or shown an affirmative link between any of the defendants' actions and the alleged violations of his constitutional rights and, therefore, Plaintiff's Claim Five against all defendants in their individual capacities should be dismissed. (Doc. No. 61 at 11–12.) Chief Judge Daniel issued his Order Affirming and Adopting United States Magistrate Judge Recommendation on March 25, 2009, and dismissed Plaintiff's Claim Five in its entirety. (Doc. No. 66.)

To the extent there is confusion regarding whether Plaintiff's claims for injunctive or declaratory relief in Claim Five remain pending, the court now finds that Plaintiff's Claim 5 should be dismissed in its entirety. As previously stated, liability of a *Bivens* defendant can only be predicated on personal involvement or participation in the alleged constitutional acts. *Stidham*, 265 F.3d at 1156. Plaintiff failed to allege any specific facts which plausibly support a claim against Defendant Scaffidi for any constitutional violation in Claim 5. The undisputed evidence shows that Defendant Scaffidi did not take possession of any of Plaintiff's property or "break into" Plaintiff's house. Accordingly, summary judgment is properly granted in favor of Defendant Scaffidi as to Plaintiff's Claim Five.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Inspector Anthony Scaffidi's Motion for Summary Judgment" (Doc. No. 86) be GRANTED, and that the claims against Defendant Scaffidi be dismissed in their entirety, with prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be

both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 21st day of January, 2010.

                                       **BY THE COURT:**

                                       *[signature]*

                                       Kathleen M. Tafoya
                                       United States Magistrate Judge